**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| EDWARD TURBERVILLE, | ) | |
| | ) | Civil Action No. 07 - 764 |
| Petitioner, | ) | |
| | ) | Chief Judge Donetta W. Ambrose |
| v. | ) | Magistrate Judge Lisa Pupo Lenihan |
| | ) | |
| SUPERINTENDENT TENNIS; THE | ) | |
| ATTORNEY GENERAL OF | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| Respondents. | | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

It is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

**II.**     **REPORT**

Plaintiff is a prisoner currently serving a fifteen to thirty year sentence at the State Correctional Institution at Rockview, Pennsylvania. He has filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons that follow, the Petition should be dismissed as untimely because it was not filed within the one-year limitations period provided for under 28 U.S.C. § 2244(d).

### A. Relevant Procedural History

Petitioner's Petition and public records reveal the following. On March 19, 2001, in the Court of Common Pleas of Jefferson County, Pennsylvania, Petitioner pleaded guilty to multiple charges of Burglary and related offenses and received an aggregated sentence of from fifteen to thirty years. Petitioner did not file any direct appeal.

Subsequently, Petitioner filed a timely petition for relief under the Pennsylvania Post Conviction Relief Act (PCRA), 42 Pa. Cons. Stat. § 9542. Following appointment of counsel, on July 21, 2004, the Trial Court denied the PCRA Petition. Petitioner filed a timely Notice of Appeal but his appeal was dismissed on July 18, 2005 for his failure to file a brief as required by the Pennsylvania Rules of Appellate procedure. Petitioner filed a Motion to Reopen Appellate Process, which was denied by the Superior Court of Pennsylvania on August 10, 2005.

On November 14, 2005, Petitioner filed a second PCRA Petition. On January 6, 2006, the Trial Court denied Petitioner's second PCRA Petition as untimely under Pennsylvania law. Petitioner filed a timely Notice of Appeal and on April 20, 2007, the Superior Court of Pennsylvania affirmed the Trial Court's determination denying Petitioner's second PCRA Petition. Petitioner did not file a Petition for Allowance of Appeal to the Supreme Court of Pennsylvania.

Petitioner's federal Petition for Habeas Corpus is unsigned and undated but was filed in this Court on June 6, 2007.

## B. Time Period for Filing Federal Habeas Corpus Petitions

The first consideration in reviewing a federal habeas corpus petition is whether the petition was timely filed under the one-year limitations period applicable to such petitions. In this regard, the federal habeas corpus laws were amended pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 142 Cong. Rec. H3305-01 (April 24, 1996), which provides as follows.

> (d) (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State Court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (as amended).

The Court of Appeals for the Third Circuit has held that the statute of limitations set out in § 2244(d)(1) must be applied on a claim-by-claim basis. Fielder v. Varner, 379 F.3d 113 (3d Cir. 2004), *cert denied*, 125 S.Ct.904 (Jan. 10, 2005). Thus, in analyzing whether a petition for writ of habeas corpus has been timely filed under the one-year limitations period, a federal court must undertake a three-part inquiry. First, the court must determine the "trigger" date for the individual claims raised in the Petition. Typically, this is the date that the petitioner's direct review concluded and the judgment became "final" for purposes of triggering the one-year period under section § 2244(d)(1)(A). Second, the court must determine whether any "properly filed" applications for post-conviction or collateral relief were pending during the limitations period that would toll the statute

pursuant to section 2244(d)(2). Third, the court must determine whether any of the other statutory exceptions or equitable tolling should be applied on the facts presented.

In the instant action, Petitioner pleaded guilty on March 19, 2001; he did not file any direct appeal from his sentence. His first PCRA Petition was timely filed; however, his appeal was dismissed on July 18, 2005 for his failure to file a brief as required by the Pennsylvania Rules of Appellate procedure. Petitioner filed a Motion to Reopen Appellate Process, which was denied by the Superior Court of Pennsylvania on August 10, 2005. Under Pennsylvania law, Petitioner had thirty days to appeal the denial of his motion to reopen his appellate proceedings. Thus, his one-year limitations began running, *at the very latest*, on September 10, 2005 and expired on or about September 10, 2006.

The Superior Court determined that his second PCRA petition was untimely filed. The federal habeas corpus statute, as amended by AEDPA specifically provides that only "properly filed" applications for State post-conviction or other collateral review can toll the one-year limitations period. 28 U.S.C. § 2244(d)(2). In Petitioner's case, his second PCRA petition was dismissed as untimely. The Supreme Court of the United States has determined that untimely PCRA petitions do not statutorily toll the AEDPA one-year limitations period. *See* Pace v. DiGuglielmo, 544 U.S. 408 (2005) (holding that an untimely filed Pennsylvania PCRA petition was not a "properly filed application" under AEDPA). Thus, the time period that Petitioner was pursuing his second PCRA petition did not toll Petitioner's one year limitations period under AEDPA.

Unfortunately for him, Petitioner did not file his federal habeas corpus petition until June 6, 2007, over ten months after his limitations period had expired. Nothing in the record in this action indicates that Petitioner is entitled to take advantage of any of the other provisions triggering the one-year limitations period. In this regard, Petitioner's petition for habeas corpus does not

indicate that Petitioner suffered any impediment to filing his federal petition. 28 U.S.C. § 2244(d)(1)(B). Nor has he asserted that his claims are based on a new constitutional right recognized by the United States Supreme Court and made retroactive to cases on collateral review. 28 U.S.C. § 2244(d)(1)(C). In addition, he has not shown that his claims are based upon a factual predicate that could not have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(D).

Finally, after reviewing Petitioner's claims, there is no indication that the doctrine of equitable tolling should be applied in this action. Although AEDPA's one-year limitation in § 2244(d) is a statute of limitations, not a jurisdictional bar, and, therefore, may be equitably tolled:

> Equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair. Generally, this will occur when the petitioner has in some extraordinary way been prevented from asserting his or her rights. The petitioner must show that he or she exercised reasonable diligence in investigating and bringing the claims. Mere excusable neglect is not sufficient.

Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (internal citations, quotations, and punctuation omitted). The burden of establishing entitlement to the extraordinary remedy of equitable tolling rests with the petitioner. *Id*. at 978.

The United States Court of Appeals for the Third Circuit has indicated that equitable tolling of the AEDPA statute of limitations is permitted if: "(1) the defendant has actively misled the plaintiff, (2) the plaintiff has in some extraordinary way been prevented from asserting his rights, or (3) the plaintiff has timely asserted his rights mistakenly in the wrong forum." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir.) (internal citation omitted), *cert. denied,* 513 U.S. 1086 (2001). In the instant action, Petitioner has not carried his burden of showing any extraordinary circumstances beyond his control that accounted for his failure to have filed his habeas petition in a timely manner. *See, e.g.*,

Johnson v. Hendricks, 314 F.3d 159 (3d Cir. 2002) (agreeing with other circuits in holding that in non-capital cases, an attorney's mistake in determining a petitioner's one-year limitations period does not constitute extraordinary circumstances for purposes of equitable tolling).

  The discussion above reveals that the Petition for Writ of Habeas Corpus in the instant action was not timely filed in accordance with the directives in 28 U.S.C. § 2244(d). The Court notes that the it has inherent power to raise this defense *sua sponte* in cases arising under 28 U.S.C. §§ 2254 and 2255. *See* Day v. McDonough, 547 U.S. 198, 209 (2006) (holding that district courts are permitted, but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition); United States v. Bendolph, 409 F.3d 155, 166-168 (3d Cir. 2005) (federal court's inherent power to *sua sponte* raise statute of limitations issue continues after court's preliminary consideration of motion and continues regardless of whether government has failed to assert limitations defense in its answer to motion). Consequently, it is recommended that the Petition be dismissed as untimely. If he chooses, Petitioner may submit objections addressing the Court's timeliness determination.

## C. Certificate of Appealability

  Section 2253 generally governs appeals from district court orders regarding habeas petitions. Section 2253(c)(1)(A) provides that an appeal may not be taken from a final order in a habeas proceeding in which the detention arises out of process issued by a State court unless a certificate of appealability (COA) has been issued. A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2). There is a difficulty with this provision when the District Court does not decide the case on the merits but decides the case on a procedural ground without determining whether there has been a denial of a constitutional right. In Slack v. McDaniel, 529 U.S. 473 (2000)

the Supreme Court held that when the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable that Petitioner did not file his habeas petition within the one-year limitations period. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

Based on the discussion above, it is respectfully recommended that the Petition for Writ of Habeas Corpus be dismissed as untimely and that a certificate of appealability be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrate Judges, the parties are allowed ten (10) days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Lisa Pupo Lenihan
United States Magistrate Judge

Dated: February 19, 2009

cc:    The Honorable Donetta W. Ambrose
       United States District Judge, Chief

       Edward Turberville
       ES-6945
       S.C.I. Rockview

Box A
Bellefonte, PA 16823